BRIDGEMAN v. AUGUSTA COOPERAGE COMPANY.

Opinion delivered February 14, 1921.

1. REPLEVIN—QUESTION FOR JURY.—In an action to recover possession of logs, the question whether the logs had been taken from plaintiff's land by defendant, or had been taken from other land, *held* a question for the jury.

2. REPLEVIN—EVIDENCE AS TO VALUE.—In an action for the unlawful taking of thirty gum sawlogs, evidence *held* to sustain finding as to value of logs.

3. REPLEVIN—JUDGMENT FOR VALUE OF LOGS.—In an action to recover possession of logs, a judgment awarding to plaintiff the value of the logs where found, and, in addition thereto, the cost of hauling the logs to the river, was erroneous as to the additional amount where the testimony showed that, after being hauled to the river, the logs would be worth an increased amount equal to the cost of hauling it.

4. NEW TRIAL—LACK OF DILIGENCE.—In replevin for logs refusal to
   grant a new trial for newly discovered evidence as to the time
   when the timber was cut was proper where such issue should
   reasonably have been anticipated, sufficient diligence not having
   been shown.

Appeal from White Circuit Court; *J. M. Jackson,*
Judge; affirmed.

*Brundidge & Neelly* and *G. G. McKay,* for appellant.

1. There is absolutely no testimony to show that ap-
pellee was the owner of the logs or that it was entitled to
the immediate possession of same. Under the testimony
giving it the most favorable consideration for appellee,
there could not have been rendered a verdict for more
than four of the logs at most. In replevin the plaintiff
must rely on the strength of his own title, and not on the
weakness of his adversary's. There is no evidence at all,
much less preponderance, in favor of plaintiff. 29 Ark.
277; 22 *Id.* 396; 14 *Id.* 141; 19 *Id.* 650; 4 *Id.* 94.

2. The cause should be reversed, because the jury
returned a verdict for $96 damages. No damages were
shown by the testimony; the jury gave appellee judg-
ment for all the logs were worth. The judgment as to
damages is not warranted by the testimony. 25 Ark. 183.

3. The court erred in overruling the motion for
new trial, for the reason that all the witnesses for plain-
tiff showed that the timber cut from the land in section
29 was cut in September or October, 1919, and this fact
was not known to the defendant before the trial, and that,
after the cause was submitted to the jury and judgment
entered, he learned from A. E. Thomas that green timber
of the kind and character in controversy, and which de-
fendant had rafted and sold, was cut within six weeks
or sixty days prior to the time of the institution of this
suit and that the timber could not have been cut in Sep-
tember or October, 1919. Appellee wholly failed to prove
title to the logs in controversy, and there was absolutely
no proof of damages to the amount of $96.

*W. J. Dungan,* for appellee.

1.   The testimony shows that appellee was the owner of the thirty logs involved.

2.   The verdict is not excessive, and the question is raised here for the first time.   No objections were offered in the court below on this account, nor was the objection embodied in the motion for new trial.   66 Ark. 460.   It is immaterial how the logs were moved, whether by wagon or floated, as the jury were warranted in finding that a value had been added to the logs by reason of being assembled and floated, and plaintiff was entitled to the value of the logs in the condition when found.   44 Ark. 210.

3.   There was no error in overruling the motion for new trial, as no material new evidence was discovered, and there was no surprise.   The evidence was merely cumulative and not material.   52 Ark. 120; 60 *Id.* 481; 73 *Id.* 377.   If surprised, the appellant should have moved for postponement.   57 Ark. 567; 57 *Id.* 60; 67 *Id.* 47.

4.   Thomas and Clements failed utterly to identify the logs as the ones involved here.

McCULLOCH, C. J.   This is an action instituted by appellee against appellant to recover possession of thirty gum saw logs alleged to be the property of appellee and found in appellant's possession.   There was a verdict and judgment below in appellee's favor, fixing the value of the logs at the sum of $504, and awarding damages in the sum of $96 for detention.

The principal ground urged here for reversal of the judgment is that the evidence is insufficient to sustain the verdict, in that it does not sustain appellee's claim of ownership of the logs in controversy, and does not sustain the amount of the verdict with respect to the value of the logs and damages sustained.

Appellee owned the timber on the tract of land known as the Retzel land and had four or five hundred logs lying loose on the land.   The contention of appellee is that the logs found in appellant's possession were taken

by the latter from the Retzel land from among those owned and left there by appellee. The testimony introduced in the case tended to prove that contention to be sound. The logs were found in appellant's possession rafted together in Glaize creek. One of the witnesses testified that he saw appellant and another man push four logs from the Retzel land. The water was up over the land, and the logs were floating. The Retzel land was surrounded by a wire fence, and witness testified that they found the gate open and evidences of logs having been floated through the gate. They testified that they found where a log had been sawed in front of the gate, and that they followed the trail along which the logs had been floated to the point where the raft was found in Glaize creek. The witnesses testified that they had no trouble in following the trail of the raft from the gate on the Retzel land to the place where the logs were found. They stated that they could see where the trail had been cut out through the woods so as to permit the logs to pass, and they could see evidences of the ends of the logs raking against the trees and also the pole marks where they pushed the raft. They also testified that there was no other trail that led into the trail they followed.

The logs found in appellant's possession were of the kind which came off the Retzel land. Appellant contended that he got the logs from another tract of land from which he had a right to take the timber. There was a clean cut issue for the jury to decide, and we are of the opinion that there was abundant evidence to warrant the jury in believing that appellant wrongfully took appellee's logs from the Retzel land and floated them along the trail or road to Glaize Creek.

There was also evidence legally sufficient to establish the value of the logs as found by the jury. One of the witnesses testified that the logs would amount to 12,000 feet worth $42.00 per thousand at the place where they were found, and that it would cost $8.00 per thousand to haul them to the river. The jury fixed the

value of the logs according to the testimony of this witness at $42.00 per thousand, making an aggregate of $504, and awarded damages in the sum of $96 which, according to the testimony, was the cost of hauling them to the river so as to get them to market.

We fail to discover any evidence in support of the claim for damages for the reason that the jury fixed the value of the timber at the place where it was found and under the judgment appellee recovered that amount without hauling it to the river. It is true that the cost of hauling to the river would be $8 per thousand, but the testimony shows that the timber would then be worth $50, so, if we allow the verdict to stand, appellee would be awarded double compensation for the expense of hauling the timber. We are therefore of the opinion that according to the undisputed evidence this part of the judgment is erroneous.

It is also contended that the court erred in refusing to grant a new trial on the ground of newly discovered evidence relating to the time when the timber alleged to have been taken by appellee was cut. Affidavits of the witnesses who would testify were filed with the motion. Sufficient diligence was not, however, shown to justify the court in granting a new trial on account of this testimony. There is no reason why appellant could not have anticipated the issue as to when the timber was cut. This was a part of the identification of the timber which should have been reasonably anticipated, and appellant should have prepared himself for the trial by making inquiry for testimony on that issue.

If appellee will enter a remittitur within fifteen days as to the $96 awarded as damages, the judgment will be affirmed; otherwise judgment will be reversed and cause remanded for a new trial.